IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EARL HAMPTON, | ) | |
| Plaintiffs, | ) | 04C 3456 |
| v. | ) | JUDGE MORAN |
| | ) | MAGISTRATE JUDGE DENLOW |
| CITY OF CHICAGO, RICHARD PALADINO, MICHAEL POCHORDO, GEORGE TRACY, GEORGE HOLMES, GUY HABIAK, ROBERT M. PODLESAK and the COOK COUNTY STATES ATTORNEY | ) ) ) ) ) | JURY DEMAND |
| Defendants, | ) | |

DOCKETED MAY 18 2004

## COMPLAINT

1. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331and 1323(3); and the Constitution of the United States, and supplement jurisdiction under 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff Earl Hampton, is a citizen of the United States and a resident of the Cook County, State of Illinois.

3. Defendant Richard Paladino, ("Paladino"), was employed by the City of Chicago. At all times relevant to this Complaint, he was acting within scope of his employment and under color of law.

4. Defendant Michael Pochordo, ("Pochordo"), was employed by the City of Chicago. At all times relevant to this Complaint, he was acting within scope of his employment and under color of law.

5. Defendant George Tracy, ("Tracy"), was employed by the City of Chicago. At all times relevant to this Complaint, he was acting within scope of his employment and under color of law.

6. Defendant George Holmes, ("Holmes"), was employed by the City of Chicago. At all times relevant to this Complaint, he was acting within scope of his employment and under color of law.

7. Defendant City of Chicago, ("City") is a municipal corporation within the States of Illinois, and was, at all times relevant to the Complaint, the employer of the Defendant Police Officers. The City is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947.

8. The Defendant Robert M. Podlesak, ("Podlesak"), was at all times relevant to this Complaint employed the States Attorney of Cook County and acting within the scope of his employment and under color of law

9. Defendant Cook County States Attorney, ("States Attorney") is a governmental entity within the State of Illinois, and at all times relevant to the Complaint the employer of the Defendant Podlesak. The States Attorney is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947.

10. The Defendants Holmes, Paladino, Pochordo, Tracy and Habiak shall be hereinafter collectively referred to as the "Detectives"

## FACTS

11. Carol Thomas was shot and robbed after a struggle while in her vehicle outside the

2

Case: 1:04-cv-03456 Document #: 1 Filed: 05/17/04 Page 3 of 17 PageID #:3

Chicago Urban League at 45th and South Michigan Avenues in Chicago, Illinois on August 2, 1989.

12. The offender who fled from the scene was described as a Male Black, 30 years of age, 5'7" - 5' 8", wearing Khaki shorts and a short sleeve shirt.

13. After the shooting, the offender was scene running toward the into the Robert Taylor Projects thru the 4444 South Federal building.

14. Shortly after, on the scene, reporting officers located three witnesses; Ezzel Gordon, Essex Harman and Mary Austin.

15. At the crime scene, fingerprints were taken inside the vehicle that the shooting occurred

16. Fingernail clippings of Carol Thomas containing the skin, blood and hair of the offender were recovered and inventoried by the Chicago Police.

17. Thereafter, Detective Pochordo was on the scene and received information from an on-the-scene witness (Ezzel Gordon) stating that the person responsible for this crime had a street name of "Ba-Bro-Lil Bro".

18. Thereafter, and based upon the above information, Detectives Holmes and/or Pochordo and/or Tracy went to Earl Hampton's mother's apartment in the 4429 South federal Building on the 6th floor - Apt. 610.

19. Earl Hampton was present at that time, spoke to the detectives and left the premises while the officers questioned his mother.

20. At the Hampton residence, Detective Holmes and/or Tracy asked Mrs. Hampton if "Ba-Bro-Lil Bro" lived there or had been there.

21. The Detectives were told that was no one at that residence by that name.

22. The Detectives obtained information from Mrs. Hampton as to Earl Hampton's identity and left the apartment.

23. Prior to August 2, 1989, Earl Hampton's street name was known to the City of Chicago Department of Police as "Hamp".

24. Prior to August 2, 1989, Earl Hampton at no time had an alias of "Ba-Bro-Lil Bro".

25. The Detectives thereafter spoke to Housing tactical officers Sandra LaPorta and T. Kampegna who informed them of past encounters with Earl Hampton and how Earl Hampton recently evaded charges an incident with a female driver on the Dan Ryan Expressway back on July 4, 1989.

26. The Detectives after this conversation determined that Earl Hampton was a suspect.

27. Prior to the arrest of Earl Hampton, the Detectives and each of them, and, the Defendant Podlasek, interviewed witnesses including, but not limited to Janet Caldwell, Mary Austin, Essex Hardman and Ezzel Gordon.

28. The Detectives and Podlesak, took notes of those interviews.

29. Essex Harman described the offender as a male black, 5'11", 170-175 lbs., and wearing a beige shirt and a beige cap.

30. The Detectives displayed groups of mug-shots and photos to Janet Caldwell, Mary Austin and others unknown including photos of Earl Hampton.

31. No witnesses could identify Earl Hampton as the person committing the shooting of Carol Thomas from the photo lineups.

32. The Detectives requested LaPorta and Kampegna search for Earl Hampton at his then girlfriend's house 4410 S. State Street building(Chicago) apartment - 1401.

33.   Unable to find him, LaPorta and Champagne proceed to search for Earl Hampton in the vicinity of the 44th avenue and State Street.

34.   On August 2, 1989 at or near 10:15 PM, Earl Hampton was arrested by LaPorta and Kampegna on the street at 4312 South State Street, Chicago.

35.   At the time of his arrest, hours after the shooting, Earl Hampton was wearing burgundy pants and a plaid shirt.

36.   According to the Chicago Police arrest report, Earl Hampton is 5'5, 140 lbs., with a birth date of July 10, 1956 at which date and time he would have been 33 yrs old.

37.   Mr. Hampton was thereafter transported to the Area One Violent Crimes Detective Section of the police station located at 51st and Wentworth Avenue.

38.   There was no warrant for the arrest of Earl Hampton.

39.   Earl Hampton, despite numerous demands upon the Detectives for an attorney, was interrogated without counsel and against his attempts to remain silent.

40.   Earl Hampton at all times denied any involvement in the robbery and murder of Carol Thomas.

41.   Earl Hampton was questioned by Cook County States Attorney Robert M. Podlasek. Podlasek interviewed witnesses.

42.   The Detectives, and each of them, conducted numerous physical lineups in which Earl Hampton was placed and Detective Pochordo and other Detectives unknown suggested to the witness Janet Caldwell that Hampton was the person responsible for the murder of Carol Thomas.

43.   Podlasek participated in the witness identification(s) of Hampton.

44.   The Detectives and Podlasek used this tainted lineup as a basis for the arrest and charging

of Earl Hampton for the murder and armed robbery of Ms. Carol Thomas.

45. While arrested and in police custody, Earl Hampton was kept in a 8' by 10' room, handcuffed to the wall, and refused to be allowed use of a washroom.

46. During his arrest, custody and interrogation, because he was not allowed to use a washroom, Earl Hampton relieved himself in his pants.

47. While being questioned by Detective Paladino, Mr. Hampton informed him that he was earlier questioned by Detective Pochordo at his Mother's home.

48. Detective Pochordo questioned Hampton as to the true identity of Ba-Bro.

49. The Detectives and Podlasek prepared and or otherwise participated in the production of a written confession for Earl Hampton to sign, but he would not sign it.

50. Porchordo became angry when Mr. Hampton would not sign the confession and slapped Earl on and about the head area saying, "You are going to sign this paper or you are not leaving here."

51. After reviewing several lineups, Janet Caldwell was asked by Pochordo why she didn't pick Earl Hampton out of the lineup.

52. In the lineup after that, she chose Earl Hampton as the offender.

53. Detective Pochordo told the witness Mary Austin that Earl Hampton was the offender as she viewed her lineup.

54. Thereafter, Mary Austin selected Earl Hampton as the offender.

55. Podlasek knew or should have known that the lineups for the identification of Earl Hampton were suggestive and tainted.

56. As a result of the suggestive lineups, Earl Hampton was charged with Murder.

57. The felony charges against Earl Hampton were approved by Podlasek.

58. The arrest and charging of Earl Hampton occurred within 24 hours of the murder.

59. Podlasek prepared a felony review card as a part of his investigation of Earl Hampton.

60. Podlasek read Mr. Hampton his Miranda rights and interviewed him.

61. Neither the Detectives nor Podlasek examined Earl Hampton for injuries from the struggle while he was in custody.

62. Neither the Detectives nor Podlasek examined Earl Hampton or had him tested for gun shot residue while he was in custody.

63. Neither the Detectives nor Podlasek reviewed the finger print evidence recovered from Carol Thomas' vehicle.

64. The weapon used in the murder of Carol Thomas was never recovered.

65. The blood, tissue and hair discovered and recovered in the nail clippings of Carol Thomas was never tested for DNA or blood type to compare it against Earl Hampton's DNA or blood type.

66. No proceeds of the robbery of Carol Thomas were ever recovered.

67. After the arrest of Earl Hampton, the Detectives developed knowledge, information and belief that a Meltara Thompson, also known as Mel Thompson, had confessed to several people to robbing and shooting Carol Thomas.

68. The knowledge, information and belief consisted of statements of witnesses Constance Catchings and Johnnie Smith that Meltara Thompson, also known as, Mel Thompson had confessed to them to committing the murder of Carol Thomas.

68. In February of 1991, Earl Hampton was tried for the murder of Carol Thomas.

70. Before and at said trail, the individual defendants withheld the exculpatory fact that

7

the finger prints lifted from the scene of the murder belonged to person(s) other than Earl Hampton;

71. At said trail, the individual defendants withheld the fact that the finger nail clippings of Carol Thomas contained exculpatory physical evidence of blood and/or tissue and/or hair of a person other than Earl Hampton.

72. The Detectives prosecuted and gave testimony at the trial despite the fact that each knew or should have known that photographic and/or in-person lineups were tainted.

73. One or more of the Detectives gave false and/or misleading testimony at trial against Earl Hampton.

74. On February 6, 1991, Earl Hampton was found guilty on the murder charge [1] after a bench trial conducted by the Honorable William Hibbler[2].

75. On March 25, 1991, Hampton was sentenced to twenty-four (24) years.

76. Mr. Hampton appealed the conviction by and through the Office of the Cook County Public Defender.

77. The Appellate Court affirmed the conviction of Earl Hampton on June 30, 1993. See *People v. Hampton* (1993), 249 Ill.App.3d 329, 188 Ill.Dec. 353, 618 N.E.2d 923; (cert denied; (1993) 152 Ill.2D 568, 622 N.E.2d 1216, 190 Ill.Dec. 899).

78. On April 30, 1997, Richard Paladino and other unknown members of the Chicago

---

[1] The armed robbery charge was dismissed.

[2] Judge Hibbler was elevated from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division.

petition for habeas corpus remanding his case to the Circuit Court of Cook County for further proceedings.

87. Mr. Hampton was released from the Dixon Correctional Center on November 17, 2000.

88. Upon his release, Earl Hampton had served over 11 years of prison time.

89. Upon his release, Earl Hampton had served prison time for a crime he did not commit;

90. Thereafter the criminal case was assigned for a retrial before the Honorable Judge James M. Schreier for further proceedings consistent with Judge Conlon's order.

91. On June 11, 2003, Earl Hampton was tried and found not guilty of the murder and armed robbery charges.

92. Earl Hampton did not commit the murder of Carol Thomas.

93. The City of Chicago Department of Police has not charged the murderer of Carol Thomas to this date.

## COUNT I

### (Sec. 1983 False Arrest Claim vs. the Detectives)

94. Plaintiff realleges paragraphs 1 through 93 as though fully set herein in haec verba.

95. The actions of Defendants Pochordo, Paladino, Holmes, Tracy and Habiak falsely arresting, detaining and imprisoning the Plaintiff Earl Hampton, were warrantless, without probable cause and violated his their Fourth Amendment right to be free from unreasonable searches, arrests and seizures.

96. The direct actions of the Defendant Detectives in falsely arresting, detaining,

imprisoning the Plaintiff Earl Hampton were so done with the intent of depriving him of his Fourth Amendment and Constitutional rights and were a direct and proximate cause of his mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

97. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff Earl Hampton, prays this honorable court rule as follows:

A. Find that the Defendant Detectives and Podlasek violated the constitutional rights of the Plaintiff;

B. Award the Plaintiff compensatory damages against the Defendant Detectives and Podlasek, jointly and severally;

C. Award the Plaintiff punitive damages against the Defendant Detectives and Podlasek, jointly and severally;

D. Award the Plaintiff attorney's fees and costs; and,

E. Award any additional relief this Court deems just and equitable.

## COUNT II

### (Sec. 1983 Right To Fair Trial vs. the Detectives and Podlasek)

98. Plaintiff realleges paragraphs 1 through 93 as though fully set herein, in haec verba.

99. The acts of Defendant Detectives and Podlasek as described above, were affirmative acts intended secure Earl Hampton's conviction by assembling false statements, misrepresenting evidence and concealing exculpatory information from the Court and Plaintiff.

11

100. The Defendant Detectives and Podlasek maliciously assembled and used misleading witness statements to inculpate the Plaintiff.

101. The Defendant Detectives and Podlasek intentionally disregarded credible investigative leads pointing to the guilt of a person other than Earl Hampton.

102. The Defendant Detectives and Podlasek maliciously and intentionally corrupted photo and in-person lineups to inculpate the Plaintiff.

103. The Defendant Detectives and Podlasek maliciously and intentionally withheld information and/or evidence necessary for the fair and impartial trial of Earl Hampton guaranteed by the Fourteenth Amendment of the U.S. Constitution.

104. The actions of Defendant Detectives and Podlasek were a direct and proximate cause of Earl Hampton's mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

105. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff Earl Hampton, prays this honorable court rule as follows:

A. Find that the Defendant Detectives and Podlasek violated the constitutional rights of the Plaintiff;

B. Award the Plaintiff compensatory damages against the Defendant Detectives and Podlasek, jointly and severally;

C. Award the Plaintiff punitive damages against the Defendant Detectives and Podlasek, jointly and severally;

D. Award the Plaintiff attorney's fees and costs; and,

E.  Award any additional relief this Court deems just and equitable.

## COUNT III

### (Sec. 1983 Conspiracy Claim vs. the Detectives and Podlasek)

106.  Plaintiff realleges paragraphs 1 through 93 as though fully set herein, in haec verba.

107.  The Defendant Detectives and Podlasek, had a mutual understanding and acted in concert to pervert, influence and corrupt the line-up procedure and/or the evidence recovery and evaluation and/or witness statements and/or other suspect information in order to unlawfully establish probable cause for the arrest and subsequent prosecution of Earl Hampton.

108.  As a direct and proximate cause of the Defendants conspiring, confederating and acting in concert to perpetrate the above unlawful acts, Earl Hampton was deprived of his right to be free false arrest and illegal seizure in violation of the Fourth Amendment of the Constitution of the United States and further in violation of 42 USC § 1983.

109.  Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff Earl Hampton, prays this honorable court rule as follows:

A.  Find that the Defendant Detectives and Podlasek violated the constitutional rights of the Plaintiff;

B.  Award the Plaintiff compensatory damages against the Defendant Detectives and Podlasek, jointly and severally;

C.  Award the Plaintiff punitive damages against the Defendant Detectives and Podlasek, jointly and severally;

D.  Award the Plaintiff attorney's fees and costs; and,

13

E. Award any additional relief this Court deems just and equitable.

## COUNT IV

### (Illinois common malicious prosecution claim
### vs.
### Detectives, the City, Podlasek & States Attorney)

110. Plaintiff realleges paragraphs 1 through 93 as though fully set herein, in haec verba.

111. The actions of the Detectives and Podlasek, and each of them, commencing and continuing criminal proceedings against the Plaintiff Earl Hampton without probable cause, exigent circumstance or other lawful justification constitutes malicious prosecution under Illinois law.

112. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff Earl Hampton, prays this honorable court rule as follows:

A. Find that the Defendant Detectives and Podlasek maliciously prosecuted the Plaintiff;

B. Award the Plaintiff compensatory damages against the Defendant Detectives, the City, Podlasek and the Cook County States Attorney, jointly and severally;

C. Award the Plaintiff punitive damages against the Defendant Detectives and Podlasek, jointly and severally only;

D. Award the Plaintiff costs; and,

E. Award any additional relief this Court deems just and equitable.

## COUNT IV

**(Illinois common law intentional infliction of emotional distress claim)**
**vs.**
**Detectives, the City, Podlasek & States Attorney)**

113.  Plaintiff realleges paragraphs 1 through 93 as though fully set herein, in haec verba.

114.  The actions of the Detectives and Podlasek, and each of them, as set forth herein above in arresting the Plaintiff for crimes there was no reasonable belief that he committed were shocking to the conscious and purposefully inflicted upon the Plaintiff to cause emotional and mental injury constituting intentional infliction of emotional distress under Illinois law.

115.  Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff Earl Hampton, prays this honorable court rule as follows:

A.  Find that the Defendant Detectives and Podlasek intentionally inflicted emotional distress upon the Plaintiff;

B.  Award the Plaintiff compensatory damages against the Defendant Detectives, the City, Podlasek and the Cook County States Attorney, jointly and severally;

C.  Award the Plaintiff punitive damages against the Defendant Detectives and Podlasek, jointly and severally only;

D.  Award the Plaintiff costs; and,

E.  Award any additional relief this Court deems just and equitable.

## COUNT V

**(Illinois State Claim for Respondeat Superior)**

116.  Plaintiff realleges paragraphs 1 through 93 as though fully set herein, in haec verba.

15

117. The aforesaid acts of Defendant Chicago Police Department Detectives and Podlasek, a Cook County States Attorney, were so done within the scope of their employment, were willful and wanton, and therefore the Defendant City of Chicago as principal is liable for the actions of its agents under the Doctrine of <u>respondeat superior.</u>

**WHEREFORE**, Plaintiff Earl Hampton, prays this honorable court rule as follows:

A. Find that the Defendants, City of Chicago and Cook County States Attorney, are liable for the state law claims of the Detectives and Podlasek as against the Plaintiff Earl Hampton under the doctrine of respondeat superior;

B. Award Earl Hampton compensatory damages against the City of Chicago and the Cook County States Attorney;

C. Award Earl Hampton costs; and,

D. Award any additional relief this Court deems just and equitable.

Respectfully submitted:

_____
Attorney for the Plaintiff

Kevin Rogers
307 N. Michigan Avenue   Suite 305
Chicago, IL 60601
(312) 332-1188

16

%JS 44 (Rev. 3/99)  Cat 2  CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04C 3456**

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EARL HAMPTON | CITY OF CHICAGO, ROBERT M. PODLESAK, COOK COUNTY STATES ATTORNEY, RICHARD PALADINO, MICHAEL POCHORDO, ET AL. |

DOCKETED MAY 18 2004

(b) County of Residence of First Listed Plaintiff  Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

MAGISTRATE JUDGE DENLOW   JUDGE MORAN

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kevin Rogers
307 N. Michigan Av., Ste. 305
Chicago, IL 60601

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Inj. / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Sections 1983 / Civil Rights

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $100,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. This case**
☐ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

DATE  5-17-04
SIGNATURE OF ATTORNEY OF RECORD  /s/

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of
EARL HAMPTON,
          v.
CITY OF CHICAGO, RICHARD PALADINO, MICHAEL POCHORDO, GEORGE TRACY, GEORGE HOLMES, GUY HABIAK, ROBERT M. PODLESAK and the COOK COUNTY STATES ATTORNEY.

Case Number: 04C 3456

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

EARL HAMPTON

JUDGE MORAN

MAGISTRATE JUDGE DENLOW

DOCKETED MAY 18 2004

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: |
| NAME: Kevin Rogers | NAME: |
| FIRM: Law Offices of Kevin Rogers | FIRM: |
| STREET ADDRESS: 307 N. Michigan Av., Ste. 305 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60601 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 332-1188   FAX NUMBER: (312) 332-0192 | TELEPHONE NUMBER:   FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6192609 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER:   FAX NUMBER: | TELEPHONE NUMBER:   FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

FILED FOR DOCKETING 04 MAY 17 PM 4:52 U.S. DISTRICT COURT CLERK